UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )        No. 6:20-CR-035-REW-HAI
                                 )
v.                               )
                                 )        ORDER
REX ALLEN FOX, JR.,              )
                                 )
        Defendant.               )

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 36 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Fox's guilty plea and adjudge him guilty of Count One of the Indictment (DE 1). *See* DE 39 (Recommendation). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 39, **ACCEPTS** Fox's guilty plea, and **ADJUDGES** him guilty of Count One of the Indictment; and

2. The Court will issue a separate sentencing order.[1]

This the 13th day of July, 2021.

Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] At the hearing, Judge Ingram remanded Fox to custody. *See* DE 36. This was his status pre-plea. DE 14. The Court, thus, sees no need to further address detention, at this time. His custodial status will persist pending sentencing.